JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Blackmon, Joseph Daniel

**(b)** County of Residence of First Listed Plaintiff   Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
W. Whitney Seals
Cochrun & Seals, LLC
PO Box 10448, Birmingham, Alabama 35202-0448

## DEFENDANTS

Holmes Motors, Inc. and "Fictitious" Defendants

County of Residence of First Listed Defendant   Harrison County, MS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Stuart H. Memory
Memory Memory & Causby, LLP
PO Box 4054, Montgomery, Alabama 36103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane    ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability    Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel &    ❑ 367 Health Care/ | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Pharmaceutical Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers'    Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ❑ 368 Asbestos Personal | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 340 Marine    Injury Product | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 345 Marine Product Liability    Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 350 Motor Vehicle    ☒ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 355 Motor Vehicle Product Liability    ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal    ❑ 380 Other Personal | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | Injury    Property Damage | ❑ 751 Family and Medical | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | ❑ 362 Personal Injury -    ❑ 385 Property Damage | Leave Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| | Medical Malpractice    Product Liability | ❑ 790 Other Labor Litigation | | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights   **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting    ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment    ❑ 510 Motions to Vacate | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations    Sentence | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities -    ❑ 530 General | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | Employment    ❑ 535 Death Penalty | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities -   **Other:** | ❑ 465 Other Immigration | | |
| | Other    ❑ 540 Mandamus & Other | Actions | | |
| | ❑ 448 Education    ❑ 550 Civil Rights | | | |
| |    ❑ 555 Prison Condition | | | |
| |    ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
diversity of citizenship, personal property damage

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   12/6/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOSEPH DANIEL BLACKMON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 27-CV-2019-900328** |
| | § | |
| **HOLMES MOTORS, INC.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL

COMES NOW, Holmes Motors, Inc. ("Holmes"), through its undersigned counsel, and provides this Notice of Removal to the Complaint filed by Joseph Daniel Blackmon ("Blackmon") and in support thereof, states the following:

1.     Reserving all Rule 12 and other affirmative defenses, please take notice that Defendant, Holmes Motors, Inc., has this date filed with the Clerk of the United States District Court, Southern District of Alabama, a Notice of Removal, to which has been attached a copy of the entire Court file appearing in the records of the Circuit Clerk of Dallas County, Alabama and have thereby affirmatively removed this cause of action (27-cv-2019-900328) from the Circuit Court of Dallas County, Alabama to the United States District Court, Southern District of Alabama.

2.     The Defendant, Holmes Motors, Inc., has its corporate offices located at 10651 Boney Ave., D'Iberville, Mississippi 39540.

3.     The Plaintiff, Joseph Daniel Blackmon, is an adult resident citizen of the State of Alabama.

4.     The Defendant would show the Court that this action is wholly between citizens of different states. On its face, the Complaint alleges and acknowledges that the Plaintiff is a resident

citizen of the State of Alabama. The Defendant is a Mississippi corporation, organized under the laws of the State of Mississippi, and whose primary place of business is in Mississippi.

5.     The Defendant would further show that based upon the allegations of the Complaint and the demands made by the Plaintiff in this suit exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost (for the initial demand, please see **Exhibit A**). Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

6.     The Defendant attaches hereto as **Exhibit B** and makes a part hereof a copy of the entire state court record in the action in the Circuit Court of Dallas County, Alabama.

7.     The Defendant desires to remove this cause of action on the grounds of Diversity of Citizenship existing between the Plaintiff and Defendant pursuant to acts of Congress providing for said removal.

8.     The Defendant would show unto the Court that Dallas County, Alabama is within the United States District Court, Southern District of Alabama.

9.     The Defendant would show it is filing this Notice of Removal timely in accordance with the Federal Rules of Civil Procedure and applicable Local Uniform Rules.

WHEREFORE PREMISES CONSIDERED, the Defendant states the Plaintiff should proceed no further, pending further Order of the United States District Court, Southern District of Alabama.

RESPECTFULLY SUBMITTED on December 6, 2019.

By:    /S/ Stuart H. Memory
          Stuart H. Memory (MEM002)
          Attorney for Holmes Motors, Inc.

OF COUNSEL:

MEMORY MEMORY & CAUSBY, LLP
Post Office Box 4054
Montgomery, AL 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
smemory@memorylegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the above Notice of Removal on the following parties via Alacourt, CM/ECF, or first class mail, postage prepaid, on December 6, 2019:

W. Whitney Seals
Counsel for the Plaintiff
Cochrun & Seals, LLC
Post Office Box 10448
Birmingham, Alabama 35202-0448

/S/ Stuart H. Memory
Stuart H. Memory, Of Counsel

4

**Exhibit A:**
**Proof of Demand**

**Subject:**   FW: Blackmon v. Holmes Motors, Inc., et al.,
**Date:**      Thursday, December 5, 2019 at 8:59:09 AM Central Standard Time
**From:**      Von Memory
**To:**        Stuart Memory
**Attachments:** ~WRD000.jpg

Von G. Memory, Esq.
334.834.8000

---

**From:** Whitney Seals <whitney@cochrunseals.com>
**Sent:** Wednesday, December 4, 2019 9:26 AM
**To:** 'Von Memory' <vgm@memorylegal.com>
**Subject:** RE: Blackmon v. Holmes Motors, Inc., et al.,

Mr. Memory:

My client has authorized me to demand one hundred thousand dollars ($100,000.00) to resolve this matter.

Thanks,


W. Whitney Seals
Cochrun & Seals, LLC
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
Fax  (205) 323-3906

---

**From:** Von Memory [mailto:vgm@memorylegal.com]
**Sent:** Tuesday, December 3, 2019 1:43 PM
**To:** whitney@cochrunseals.com
**Subject:** FW: Blackmon v. Holmes Motors, Inc., et al.,


Von G. Memory, Esq.
334.834.8000

---

**From:** Von Memory <vgm@memorylegal.com>
**Sent:** Tuesday, December 3, 2019 1:27 PM
**To:** 'whitney@cockrunseals.com' <whitney@cockrunseals.com>
**Subject:** Blackmon v. Holmes Motors, Inc., et al.,

Mr. Seals, we spoke a couple weeks ago and, at my request, you suggested that you would check with your client, obtain a demand and pass this information to me so I can pass this on to Holmes Motors.  Deadlines

are fast approaching and I would appreciate hearing from you.  VM

--

Von G. Memory

*Attorney at Law and Founder*

Memory Memory & Causby, LLP
469 S. McDonough Street (36104)
PO Box 4054
Montgomery, Alabama 36103-4054
334.834.8000
vgm@memorylegal.com

This email and any attached files are confidential and intended solely for the intended recipient(s).  If you are not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify me immediately by e-mail, and delete the original message. Warning: Although precautions have been taken to make sure no viruses are present in this email, the company cannot accept responsibility for any loss or damages that arise from the use of this email or attachments. Thank you.

This email has been checked for viruses by Avast antivirus software.
www.avast.com

**Exhibit B:**
**Case Docket**

ELECTRONICALLY FILED
12/6/2019 3:57 PM
27-CV-2019-900328.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA ROBINSON, CLERK

**IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA**

| | | |
|---|---|---|
| JOSEPH DANIEL BLACKMON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CV-2019-_____ |
| | ) | |
| HOLMES MOTORS, INC.; | ) | JURY TRIAL DEMANDED |
| FICTITIOUS DEFENDANT "A", | ) | |
| whether singular or | ) | |
| plural, Plaintiff hereby | ) | |
| intending to designate | ) | |
| the towing company, | ) | |
| repossession company or | ) | |
| individual(s) that | ) | |
| wrongfully repossessed | ) | |
| Plaintiff's vehicle; | ) | |
| FICTITIOUS DEFENDANT "B", | ) | |
| whether singular or | ) | |
| plural, Plaintiff hereby | ) | |
| intending to designate | ) | |
| that entity or those | ) | |
| entities who sold and/or | ) | |
| financed Plaintiff's | ) | |
| purchase of the vehicle; | ) | |
| FICTITIOUS DEFENDANT "C", | ) | |
| whether singular or | ) | |
| plural, Plaintiff hereby | ) | |
| intending to designate | ) | |
| that entity or those | ) | |
| entities doing business | ) | |
| as Holmes Motors, Inc.; | ) | |
| FICTITIOUS DEFENDANT "D", | ) | |
| whether singular or | ) | |
| plural, Plaintiff hereby | ) | |
| intending to designate | ) | |
| that entity or those | ) | |
| entities, that individual | ) | |
| or those individuals, | ) | |
| other than those | ) | |
| individuals and entities | ) | |
| named above, whose | ) | |
| negligence, wantonness, | ) | |

| | |
|---|---|
| or other wrongful conduct | ) |
| contributed to cause the | ) |
| occurrence made the basis | ) |
| of this lawsuit; | ) |
| FICTITIOUS DEFENDANT "E", | ) |
| whether singular or | ) |
| plural, being that | ) |
| person, firm, corporation | ) |
| or other entity who or | ) |
| which is the successor-in- | ) |
| interest, predecessor, or | ) |
| correct legal designation | ) |
| of any of the entities | ) |
| described above; | ) |
| Plaintiff avers that | ) |
| the true identity of the | ) |
| foregoing fictitious | ) |
| party Defendants is | ) |
| otherwise unknown to the | ) |
| Plaintiff at this time, | ) |
| or, if their names are | ) |
| known to the Plaintiff at | ) |
| this time, their | ) |
| identities as proper | ) |
| parties Defendant are not | ) |
| known to the Plaintiff at | ) |
| this time but their true | ) |
| names will be substituted | ) |
| by amendment when the | ) |
| aforesaid lacking | ) |
| information is | ) |
| ascertained, | ) |
| | ) |
| **DEFENDANTS.** | ) |

---

## COMPLAINT

---

COMES NOW the Plaintiff, JOSEPH DANIEL BLACKMON, by and through undersigned counsel, and for his complaint states as follows:

## STATEMENT OF THE PARTIES

1.  Plaintiff, JOSEPH DANIEL BLACKMON, is over the age
    of nineteen (19) years old and is a resident of
    the city of Valley Grande, in Dallas County,
    Alabama.

2.  Defendant HOLMES MOTORS, INC. (hereinafter
    "Holmes") is a foreign corporation formed under
    the laws of the State of Mississippi.  Holmes is
    qualified to do business in the state of Alabama
    and was, at all times relevant herein, doing
    business in the State of Alabama.  Holmes is, upon
    information and belief, in the business of
    automobile repossessions and is a "debt collector"
    as that term is defined by the Fair Debt
    Collection Practices Act ("FDCPA") 15 U.S.C. §
    1692a(6).

## STATEMENT OF FACTS

3.  Plaintiff entered into a security agreement for
    the purchase of a 2013 Ford F-150 ("Vehicle")
    bearing VIN1FTFW1CF3DKE19582 with Defendant Holmes
    or one or more of those entities listed as

fictitious parties[1].

4. The Vehicle provided the security interest for the security agreement between the Plaintiff and Defendants.

5. On or about September 23, 2019, Plaintiff was at his place of work in Safford, Alabama located in Dallas County, Alabama when he noticed that the Vehicle was missing from his place of business's parking lot.

6. Fearing that the Vehicle was stolen, Plaintiff contacted law enforcement in order to report the Vehicle as stolen.

7. Plaintiff later learned that a co-worker who also purchased and financed a vehicle with Holmes had stopped making payments on the vehicle and decided to voluntarily surrender his vehicle.

8. Armed with this information, Plaintiff contacted Holmes. During that conversation an employee or agent of Holmes admitted that Plaintiff's Vehicle should not have been repossessed, rather the vehicle of Plaintiff's co-worker should have been

---

[1]Plaintiff will refer to both the named Defendant and all fictitious defendants simply as "Defendants."

taken.

9.   Defendants returned Plaintiff's Vehicle to him.  A pistol belonging to the Plaintiff was wrongfully taken from the Vehicle and the Vehicle sustained damage either in the process of repossession or in the process of returning it back to Plaintiff.

10.  The pistol eventually was returned.

## COUNT ONE
## (NEGLIGENCE)

11.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.  Defendants were under a duty to repossess the correct vehicle and to not damage Plaintiff's property in about their efforts to use non-judicial self-help in repossessing the Vehicle.

13.  The Defendants breached that duty by wrongfully repossessing Plaintiff's Vehicle and by damaging the Vehicle in the course of the repossession.

14.  As a result of Defendants' negligence, Plaintiff was caused to suffer damage including but not limited to: physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

15.  Wherefore, Plaintiff seeks judgment in his favor against Defendants for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

16.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.  Defendants acted wantonly when they recklessly repossessed Plaintiff's Vehicle which bore a different VIN number, was a different year make and model from the vehicle Defendants allegedly were attempting to repossess.

18.  As a result of Defendants' acts and omissions detailed herein, Plaintiff was caused to suffer damage including but not limited to: physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

19.  Wherefore, Plaintiff seeks judgment in his favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along

with such other and further relief as may be
necessary, just and proper.

### COUNT THREE
### NEGLIGENT TRAINING AND SUPERVISION

20. Plaintiff incorporates by reference all of the
above paragraphs of this Complaint as though fully
stated herein.

21. The Defendants knew or should have known of the
conduct set forth herein which was directed at and
visited upon Plaintiff.

22. The Defendants knew or should have known that said
conduct was improper and violated the law.

23. The Defendants negligently failed to train and/or
negligently failed to supervise their employees or
agents in order to prevent said improper and
illegal conduct.

24. Defendants negligently failed to train and
supervise their employees with regard to
repossessing vehicles.

25. As a result of Defendants' negligence, Plaintiff
suffered harm including, but not limited to,
stress, anxiety, embarrassment, physical injury,
mental anguish and emotional distress.

26. Wherefore, Plaintiff seeks judgment in his favor

against Defendants for damages in such a sum as
the jury may assess along with such other and
further relief as may be necessary, just and
proper.

## COUNT FOUR
### RECKLESS AND WANTON TRAINING AND SUPERVISION

27.  Plaintiff incorporates by reference all of the
above paragraphs of this Complaint as though fully
stated herein.

28.  The Defendants knew or should have known of the
conduct set forth herein which was directed at and
visited upon Plaintiff.

29.  The Defendants knew or should have known that said
conduct was improper and violated the law.

30.  The Defendants recklessly and wantonly failed to
train and/or recklessly and wantonly failed to
supervise their employees or agents in order to
prevent said improper and illegal conduct.

31.  Defendants recklessly and wantonly failed to train
and supervise their employees regard to
repossessing vehicles.

32.  As a result of Defendants' reckless and wanton
conduct, Plaintiff suffered harm including, but
not limited to, stress, anxiety, embarrassment,

physical injury, mental anguish and emotional distress.

33. Wherefore, Plaintiff seeks judgment in his favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT FIVE
## INVASION OF PRIVACY

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by unlawfully repossessing Plaintiff's Vehicle when there was no right to repossess Plaintiff's Vehicle and thereby invaded Plaintiff's privacy.

36. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of attempting to repossess the Vehicle when they knew or should have known that their efforts to

repossess the Vehicle would result in harm to Plaintiff and would constitute an intrusion upon Plaintiff's right to privacy.

37. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

38. The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

39. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to punitive and actual damages in an amount to be determined at trial from Defendants.

40. Wherefore, Plaintiff seeks judgment in his favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims

damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

_/s/ W. Whitney Seals_
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Joseph Daniel Blackmon
24 Co. Rd 546
Valley Grande, AL 36701

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**HOLMES MOTORS, INC.**
c/o Registered Agents, Inc.
212 W. Troy Street, Suite B
Dothan, AL 36303


ELECTRONICALLY FILED
12/6/2019 3:57 PM
27-CV-2019-900328.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA ROBINSON, CLERK

**IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA**

| | |
|---|---|
| JOSEPH DANIEL BLACKMON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) |
| HOLMES MOTORS, INC.; | ) |
| et al., | ) |
| | ) |
| DEFENDANT. | ) |

---

**PLAINTIFF'S FIRST INTERROGATORIES
TO DEFENDANT HOLMES MOTORS, INC.**

---

**COMES NOW** the Plaintiff and requests the Defendant, HOLMES MOTORS, INC. ("Holmes") answer the following interrogatories:

**INSTRUCTIONS AND DEFINITIONS**

A.   The term "you" or "your" or "Defendant" means **HOLMES MOTORS INC.**, its officers, agents, and/or employees, or other individuals who have information available to the Defendant.

B.   Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is a failure to answer.

C.   If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible;

state further and specifically the reason(s) why the remainder cannot be answered.

D.   Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information, which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E.   As used herein, "Document" and "documents" have the definition given in the Alabama Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect "properties" tabs) drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel

Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

F.   A request to identify a document is a request to state as applicable:

1.   The date of the document;
2.   The type of document;
3.   The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;
4.   The name of the employer or principal whom the signers, addressers and preparers were representing;
5.   The present location of the document;
6.   The name and current business and home addresses of the present custodians of the original document, and any copies of it;
7.   A summary of the contents of the document; and,
8.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

G.   If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

H.   "Vehicle" means a white 2013 Ford F-150 bearing VIN 1FTFW1CF3DKE19582.

### **INTERROGATORIES**

1.   Please state the name, address, and job title of the person or persons responding to these interrogatories.

**RESPONSE:**

Page 3 of  5

2.   Please state whether or not this Defendant has
     coverage under any policy of insurance for any of
     the claims made by Plaintiff in this lawsuit.  If
     the answer to this interrogatory is in the
     affirmative, please state the name of the insurer,
     identify the policy number, please state the
     relevant policy limits and please provide a copy
     of the declarations page of the policy.

**RESPONSE:**

3.   Please state the date that Plaintiff purchased and
     financed his Vehicle with Holmes.

**RESPONSE:**

4.   Did you repossess or otherwise take Plaintiff's
     Vehicle on or about September 23, 2019?

**RESPONSE:**

5.   At the time you repossessed or otherwise took
     Plaintiff's Vehicle on or about September 23,
     2019, was Plaintiff in default in any way with
     regard to his financing or purchasing agreement
     with Holmes for the Vehicle?

**RESPONSE:**

6.   Please identify any of your employees, agents or
     other persons that participated in the
     repossession of Plaintiff's Vehicle on September
     23, 2019.

**RESPONSE:**

7.   Please provide a factual explanation for why
     Plaintiff's Vehicle was repossessed or taken on
     September 23, 2019.

**RESPONSE:**

8.   Is this Defendant aware of any damage caused by
     its agents or employees to Plaintiff's Vehicle?

**RESPONSE:**

9.   Is this Defendant named correctly in the
     complaint?  If not, please state Defendant's
     correct legal name.

**RESPONSE:**

10.  Please state the color, year, make and model of
     the Vehicle that you intended to repossess when
     Plaintiff's Vehicle was taken or repossessed.

**RESPONSE:**


                                    _/s/ W. Whitney Seals_____
                                    W. WHITNEY SEALS,
                                    Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com


# TO BE SERVED WITH SUMMONS AND COMPLAINT



ELECTRONICALLY FILED
5/13/2019 3:57 PM
27-CV-2019-900328.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA ROBINSON, CLERK

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

JOSEPH DANIEL BLACKMON,      )
                             )
    PLAINTIFF,               )
                             )
v.                           )      CIVIL ACTION NUMBER:
                             )
HOLMES MOTORS, INC.;         )
et al.,                      )
                             )
    DEFENDANT.               )

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT HOLMES MOTORS, INC.

---

**COMES NOW** the Plaintiff and requests the Defendant, **HOLMES MOTORS, INC.,** ("Holmes") to admit or deny the truth of the following:

### INSTRUCTIONS AND DEFINITIONS

A.    The term "you" or "your" or "Defendant" means **HOLMES MOTORS, INC.,** its officers, agents, and/or employees, or other individuals who have information available to the Defendant.

B.    "Vehicle" means a white 2013 Ford F-150 bearing VIN 1FTFW1CF3DKE19582.

### REQUESTS FOR ADMISSIONS

1.    Admit or deny that Holmes' agents or employees repossessed or took Plaintiff's Vehicle from his place of employment in Safford, Alabama on September 23, 2019.

**RESPONSE:**

2.    Admit or deny that Holmes had no order, instruction or directive to repossess Plaintiff's

Vehicle on September 23, 2019.

**RESPONSE:**

3.   Admit or deny that Plaintiff was not in default
      with regard to his payments on the Vehicle.

**RESPONSE:**

4.   Admit or deny that Plaintiff's vehicle was damaged
      as a result of Holmes' agents or employees'
      repossession on September 23, 2019.

**RESPONSE:**

                                    */s/ W. Whitney Seals*
                                   W. WHITNEY SEALS,
                                   Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## TO BE SERVED WITH SUMMONS AND COMPLAINT



ELECTRONICALLY FILED
27-CV-2019-900328.00
CIRCUIT COURT OF
DALLAS COUNTY, ALABAMA
LYNNETHIA ROBINSON, CLERK

## IN THE CIRCUIT COURT OF DALLAS COUNTY, ALABAMA

| | |
|---|---|
| JOSEPH DANIEL BLACKMON, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CIVIL ACTION NUMBER: |
| | ) |
| HOLMES MOTORS, INC.; | ) |
| et al., | ) |
| | ) |
|     DEFENDANT. | ) |

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT HOLMES MOTORS, INC.

---

**COMES NOW** the Plaintiff and requests the Defendant, Holmes Motors, Inc., ("Holmes") answer the following First Requests for Production:

### INSTRUCTIONS AND DEFINITIONS

A.   Plaintiff requests that Defendant produce the documents herein described and permit Plaintiff and her attorneys to inspect them and copy such of them as they may desire.  Plaintiff requests that the documents be made available for this inspection at the offices of counsel for the Plaintiff, or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

B.   Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that his attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's attorneys will be

responsible for these documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

C.   This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

D.   As used herein, "Document" and "documents" have the definition given in Rule 34 of both the Federal and the Alabama Rules of Civil Procedure, and include: "writings," "recordings," "original," "duplicate," and "photographs" as used in ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS, AND PHOTOGRAPHS, Federal Rules of Evidence, §§ 1001, et seq.; including, but not limited to: all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulsed, or otherwise recorded or represented information, image or document storage, including, but not limited to word processor document resource information or meta-information (e.g. MS Word, WordPerfect "properties" tabs) drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice-mail archives; e-mail, voice-mail messages and back ups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including HTML, XML, SGML, XGML, VRML, Java, Adobe Acrobat, Corel Envoy, MIF, RTF, EPS, prepress formats. Additionally, "document" or "documents" shall

specifically include affidavits, transcripts of testimony, depositions, depositions de bene esse, or otherwise distinguished evidentiary testimony, in any recorded form.

E.   "Vehicle" means a white 2013 Ford F-150 bearing VIN 1FTFW1CF3DKE19582.

## REQUESTS FOR PRODUCTION

1.   Please produce the repossession order, request, repossession paperwork or other documents of whatever name or kind that which led to Holmes' repossession or taking of Plaintiff's vehicle.

**RESPONSE:**

2.   Please produce the any financing agreement or purchase agreement or contract of any kind entered into between Plaintiff and Holmes.

**RESPONSE:**

3.   Please produce any document that shows or indicates that Plaintiff was in default with regard to his automobile loan for the Vehicle.

**RESPONSE:**

4.   Please produce a copy of any correspondence or record of any communication of any kind between Holmes and Plaintiff.

**RESPONSE:**

5.   Please produce any training manuals or other training materials used to train Holmes' employees with regard to repossessing automobiles that were in use and in effect at the time of the repossession of the Vehicle.

**RESPONSE:**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## TO BE SERVED WITH SUMMONS AND COMPLAINT

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

HOLMES MOTORS, INC.

C/O REGISTERED AGENTS INC
212 W TROY ST, STE "B"

DOTHAN, AL 36303

9590 9402 5305 9154 3634 93

**2. Article Number** *(Transfer from service label)*

7018 0680 0000 6827 8654

## *COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X _____   ☐ Agent
                            ☐ Addressee

**B. Received by (Printed Name)** | **C. Date of Delivery**

1/18/19

**D. Is delivery address different from item 1?** ☐ Yes
   If YES, enter delivery address below:   ☐ No



CV·2019·900328

**3. Service Type**
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ _____ed Mail
- ☐ _____ed Mail Restricted Delivery
  ($500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt