UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH DANIEL BLACKMON, | * |
| | * |
| Plaintiff, | * |
| vs. | * Case No. 2:19-1044-JB-N |
| | * |
| HOLMES MOTORS, INC., | * |
| | * |
| Defendant. | * |

**PRELIMINARY SCHEDULING ORDER**

In preparation for the entry of a Fed.R.Civ.P. 16(b) scheduling order, the parties shall comply with the following schedule pursuant to Fed.R.Civ.P. 26(f), and Local Rule 26.1:

    A.    <u>Meeting of the Parties; Report</u>.

        1.    The parties, including <u>pro se</u> parties, are ORDERED to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **January 30, 2020.**

        2.    The parties may, if the offices of their principal counsel are not within 100 miles of one another, conduct the meeting by telephone.

        3.    The report of the parties shall conform to this Court's format, a copy of which is attached to this order.  The report is to include Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendant's brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense.  **In other words, the parties are to fully state their present respective positions in plain English, given what they know about the case at this time.**   This is not to be simply a restatement of the complaint and answer.

    4.    This case is a Northern Division case, thus it will be tried in Selma, Alabama, unless the parties agree otherwise and the court so orders. Accordingly, the parties should indicate in their report of parties planning whether they request trial in Selma, Alabama or Mobile, Alabama.

B.    <u>Rule 26 Disclosures</u>.

    1.    <u>Required Disclosures</u>.

        a.    <u>Initial Disclosures</u>. Except as otherwise ordered by the Court, a party shall, without awaiting a discovery request, provide the information described in Fed.R.Civ.P. 26(a)(1)(A-D) **not later than twenty (21) days after the meeting of the parties.**

    2.    <u>Filing</u>. Except as otherwise ordered by the Court, disclosures under Fed.R.Civ.P. 26(a)(1), (2) and (3) shall be filed with the Court only when, and to the extent, ordered by the Court or when needed by a party in connection with a motion (or response thereto), or for use at trial.

C.    <u>Commencement of Discovery</u>. Except as otherwise ordered by the Court:

1.    Formal discovery under Fed.R.Civ.P. 30, 31, 33, 34, and 36 may not be commenced before the meeting of the parties except in the following actions:

    (a)    Actions in which a temporary restraining order or preliminary injunction is sought;

    (b)    Actions in which discovery is needed to resolve a preliminary motion such as an objection to personal jurisdiction or venue.

ORDERED this 16th day of December, 2019.

        KATHERINE P. NELSON
        UNITED STATES MAGISTRATE JUDGE

        By:    s/Cathi Jennings
                Deputy Clerk

**Local Form For Report of Parties' Planning Meeting**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

_____,    :

    **Plaintiff,**    :

**vs.**    : CIVIL ACTION _____

_____,    :

    **Defendant.**    :

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on (date) at (place) and was attended by:
(name) for plaintiff(s)
(name) for defendant(s) (party name)
(name) for defendant(s) (party name)

1. Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendant's brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense. **In other words, the parties are to fully state their present respective positions in plain English, given what they know about the case at this time.** This is not to be simply a restatement of the complaint and answer.

2. The parties request that trial be held in [Selma/Mobile].

   (Jurors are generally drawn from the Northern Division only for Selma trials, and from the Southern Division only for Mobile trials. *See* S.D. Ala. Plan for the Qualification and Random Selection of Grand and Petit Jurors, § 9.01. "[I]n appropriate instances, upon motion of the parties, or upon its own motion, the Court may direct that a petit jury be drawn from the district-at-large." *Id*. If the parties request a district-at-large jury, they must show good cause for ordering one.)

3. This [jury] [non-jury] action should be ready for trial by (date) and at this time is expected to take approximately (length of time in days excluding jury selection).

4. The parties request a pretrial conference in (month and year).

5. Discovery Plan. The parties jointly propose to the court the following discovery plan: [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

        Discovery will be needed on the following subjects:  (<u>brief</u> description of subjects on which discovery will be needed).
        All discovery commenced in time to be completed by (<u>date</u>).  [Discovery on (<u>issue for early discovery</u>) to be completed by (<u>date</u>).]

6.    Initial Disclosures.  The parties [have exchanged] [will exchange by (<u>date</u>)] the information required by Fed.R.Civ.P. 26(a)(1).

7.    The parties request until (<u>date</u>) to join additional parties and amend the pleadings.

8.    Reports from retained experts under Rule 26(a)(2) due:
    from plaintiff(s) by (<u>date</u>).
    from defendant(s) by (<u>date</u>).

9.    Pretrial Disclosures.  Final lists of witnesses and exhibits under Rule 26(a)(3) due by (<u>date</u>).

10.    Discovery Limits.
    Maximum of ___ interrogatories by each party to any other party.  Responses due ___ days after service.
    Maximum of ___ depositions by plaintiff(s) and ___ by defendant(s).  Each deposition limited to maximum of ___ hours unless extended by agreement of parties.
    Maximum of ___ requests for admission by each party to any other party.  Responses due ___ days after service.
    Maximum of ___ requests for production of documents by each party to any other party.  Responses due ___ days after service.

11.    All potentially dispositive motions filed by (<u>date</u>).

12.    Settlement [is likely] [is unlikely] [cannot be evaluated prior to (<u>date</u>)] [may be enhanced by use of the following alternative dispute resolution procedure:  [____].

13.    The discovery in this action [will] [will not] include Electronically Stored Information (ESI).  In those cases where discovery of ESI is a probability, the parties shall discuss the substantive issues of the existence and location of the ESI, the preservation (including time period) of information, the ease/difficulty and costs of production, a schedule and format for production, and a plan for how to manage privilege and work product protection issues.  An ESI production agreement as to how to manage these issues shall be included in the Report.  If the parties cannot agree on an ESI production agreement, the disagreements are to be listed in the Report.

14.    [Other matters.]

Date: _____

<u>Signature1</u>[1]          <u>Signature</u>[1]
Name   Name
Counsel for Plaintiff   Counsel for Defendant
Address          Address
Telephone Number     Telephone Number
Email   Email

---

[1] Signatures may be electronically affixed (i.e. s/Judith Attorney) and, with consent so stated after the signature, counsel may electronically sign for other counsel (i.e. s/John Attorney, by consent).

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE AND APPEAL OPTION

| | |
|---|---|
| **ACTIVE JUDGES:** | Kristi K. DuBose-KD; Jeffrey U. Beaverstock-JB; Terry F. Moorer-TM |
| **SENIOR JUDGES:** | Callie V. S. Granade-CG; William H. Steele-WS |
| **MAGISTRATE JUDGES:** | William E. Cassady-C;  Sonja F. Bivins-B; Katherine Nelson-N; P. Bradley Murray-MU |

The policy of this court is to assign each newly filed civil action a number accompanied by letter suffixes which reflect the initial(s) of the assigned District Judge followed by the initials of the assigned Magistrate Judge (i.e. CIVIL ACTION 14-0001-CG-C would be assigned to Judge Granade and Magistrate Judge Cassady).

In accordance with the provisions of 28 U.S.C., Sec. 636(c), the United States Magistrate Judges of this district, in addition to their other duties, upon the consent of all parties in a civil case, may conduct any or all proceedings including a jury trial or non-jury trial, and order the entry of a final judgment.

Your decision to consent, or not, to the referral of your case to a United States Magistrate Judge must be entirely voluntary, as provided in Rule 73(b), F.R. Civ. P.

Pursuant to the provisions of 28 U.S.C., Sec. 636(c)(3), any appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of the district court.

A copy of the court's form *Consent to Jurisdiction by a United States Magistrate Judge* is attached and is also available from the clerk of court.

**CHARLES R. DIARD, JR., CLERK**  
**UNITED STATES DISTRICT COURT**  
**SOUTHERN DISTRICT OF ALABAMA**