IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH DANIEL BLACKMON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-01044-JB-N |
| | ) | |
| HOLMES MOTORS, INC., | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] This case was removed to this Court by the Defendant, Holmes Motors, Inc. ("Holmes"), under 28 U.S.C. § 1441(a), with its Notice of Removal (Doc. 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Where, as here, a case is removed from state court, "[t]he burden of

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). Holmes has adequately alleged that there is complete diversity between the parties.[2] However, the undersigned is not convinced that Holmes has plausibly demonstrated § 1332(a)'s requisite minimum amount in controversy.

When, as here, "the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). " '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the

---

[2] The Plaintiff, a natural person, is alleged to be a citizen of Alabama, *see Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.")while Holmes, a corporation, is alleged to have been organized under the laws of, and to have its principal place of business in, Mississippi, thus making it a citizen of Mississippi. *See* 28 U.S.C. § 1332(c)(1). The Plaintiff has not challenged those allegations, and the undersigned currently finds no reason to question them *sua sponte*.

preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. [*Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744,] 771[ (11th Cir. 2010)]. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams,* 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. "What counts is the amount in controversy at the time of removal. It is less a

prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation and quotation omitted). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly[,]" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).[3]

Here, it is not apparent from the face of the Plaintiff's complaint that the amount in controversy is satisfied. The complaint alleges claims for negligence, wantonness, negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy arising out of Holmes's purported mistaken repossession of a 2013 Ford F-150 from the Plaintiff at his place of work, when it had intended to repossess a vehicle purchased by a co-worker of the Plaintiff. The complaint alleges that the Plaintiff's vehicle was returned, but with an unspecified amount of damage to it occurring while in Holmes's possession. The Plaintiff also alleges that a pistol was taken from his vehicle during the repossession but was also eventually returned. Holmes has provided no evidence as to the value of the subject vehicle or the extent of damage claimed, and the allegations in the complaint do not

---

[3] Under *Dart Cherokee*, courts can "no longer rely on any presumption in favor of remand in deciding … jurisdictional questions" under the Class Action Fairness Act, which is not at issue in this case. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014). Other than that, the Eleventh Circuit has recognized that *Dart Cherokee*, "which did not involve a plaintiff's contest to the defendant's jurisdictional allegations—did not disrupt any of th[e foregoing] pre-existing [removal] case law." *Id.* at 913.

allow for a reasonable inference, deduction, or extrapolation that amount in controversy is satisfied.[4]

The only evidence that Holmes has included with its Notice of Removal to support amount in controversy is a one-sentence email from the Plaintiff's counsel, set the day before removal, "demand[ing] one hundred thousand dollars ($100,000.00) to resolve this matter." (Doc. 1, PageID.7). A "settlement offer, by itself, may not be determinative," though "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff

---

[4] The undersigned recognizes that the Plaintiff has demanded punitive damages, in addition to statutory and compensatory damages. (*See* Doc. 1, PageID.20). However, the mere presence of a demand for punitive damages, without further elaboration, does not sufficiently prove § 1332(a)'s minimum amount in controversy. *See Williams*, 269 F.3d at 1318 (holding it was "not facially apparent" from complaint seeking "general damages, special damages, and punitive damages in unspecified amounts" for injuries sustained in a trip-and-fall "that the amount in controversy exceeds $75,000"); *Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (per curiam) (unpublished) ("Viewed objectively, the complaint and supporting documentation filed with the notice of removal indicate that Rae sought $20,000 in compensatory damages on all counts together. Perry failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including *punitive damages* and attorneys' fees, alone or combined, met the jurisdictional amount. Perry's calculations were based on his own speculation, and therefore, were not objectively reasonable." (emphasis added)); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247–48 (10th Cir. 2012) ("As a general matter, punitive damages may be considered in determining the requisite jurisdictional amount. But this does not mean that a defendant's mere use of the words punitive damages automatically justifies the removal of a case on the theory that punitive damages in some unspecified amount may be possible." (citation and quotations omitted)).

is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (Steele, J.) (quotations and footnote omitted). "The settlement proposal advanced here falls in the former category; it offers to settle for $[100,0]00 without providing a single word of explanation how this figure was derived. It is therefore entitled to little weight in the jurisdictional analysis." *Dees v. Coleman Am. Moving Servs., Inc.*, Civil Action No. 17-0292-WS-N, 2017 WL 4838845, at *3 (S.D. Ala. Oct. 26, 2017) (Steele, J.) (record citation and quotation marks omitted) (relying on *Jackson*, 651 F. Supp. 2d at 1281). *Cf. Benandi v. Mediacom Se., LLC*, Civil Action No. 11-00498-CG-N, 2011 WL 5077403, at *3 (S.D. Ala. Sept. 30, 2011) (Nelson, M.J.), *report and recommendation adopted*, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011) (Granade, J.) (Applying *Jackson*'s reasoning "to this case, Benandi's letter contains far more than a lump sum demand for payment of $92,000.00. The letter describes in some detail not only Benandi's injuries but the costs thus far incurred and anticipated, which Benandi's counsel specifically describes as 'a conservative estimate.' ").

While "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[, e]vidence establishing the amount is required ... when the plaintiff contests, or[,]" as here, "the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The complaint's allegations and the Plaintiff's pre-removal settlement demand, without more, do not convince the undersigned that § 1332(a)'s requisite minimum amount in controversy is more likely than not satisfied. Upon consideration, Holmes is hereby permitted until

**Wednesday, February 12, 2020**, to supplement its notice of removal with any additional briefing and/or evidence it may wish to submit to demonstrate that § 1332(a)'s requisite minimum amount in controversy is satisfied.  Alternatively, by the same deadline, Holmes may amend its notice of removal to allege some other basis for subject matter jurisdiction.[5]   The Plaintiff may file and serve a response to Holmes's supplementation no later than **Wednesday, February 19, 2020**, after which this matter will be taken under submission for determination of whether this case should be remanded *sua sponte* for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    **DONE** and **ORDERED** this the 29th day of January 2020.

                                             */s/ Katherine P. Nelson*
                                             **KATHERINE P. NELSON**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[5] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  "[T]he failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect."  *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted).  "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653."  *Id.* at 1297.